## ROBERT PERUN *v.* CITY OF DANBURY ET AL.
### (AC 34713)

Beach, Robinson and Schaller, Js.

Argued April 9—officially released June 11, 2013

*Paul J. Garlasco*, for the appellant (plaintiff).

*Colette S. Griffin*, with whom was *Chris Holland*, for the appellees (defendants).

PER CURIAM. The sole issue presented in this appeal from the decision of the workers' compensation review board (board) is whether an injury sustained by a police officer when he slipped on a patch of ice in his driveway, as he walked to his motor vehicle to drive to work, is cognizable under our workers' compensation statutes. We agree with the board that an injury that occurs under these circumstances is not compensable under General Statues § 31-275 (1) (A) (i), (E) (i), and (F), and therefore affirm the decision of the board.[1]

The relevant facts are undisputed. On the morning of February 16, 2010, the plaintiff, Danbury police Officer Robert Perun, slipped and fell on a patch of ice in his driveway as he approached his vehicle to depart for work. He nonetheless proceeded to work for a 7:45 a.m. roll call. Perun filled out an accident report the following day. The defendant city of Danbury[2] denied the claim on the grounds that Perun's injury did not arise out of and in the scope of his employment, and was not compensable under § 31-275 (1) (E) (i) because the injury occurred at Perun's place of abode.

After a hearing, the workers' compensation commissioner for the seventh district (commissioner) ruled in

---

[1] General Statutes § 31-275 (1) (A) (i) provides in relevant part: "For a police officer or firefighter, 'in the course of his employment' encompasses such individual's departure from such individual's place of abode to duty, such individual's duty, and the return to such individual's place of abode after duty . . . ."

General Statutes § 31-275 (1) (E) (i) provides in relevant part: "A personal injury shall not be deemed to arise out of the employment if the injury is sustained . . . [a]t the employee's place of abode . . . ."

General Statutes § 31-275 (1) (F) provides in relevant part: "For purposes of subparagraph (E) of this subdivision, 'place of abode' includes the inside of the residential structure, the garage, the common hallways, stairways, driveways, walkways and the yard . . . ."

[2] Connecticut Interlocal Risk Management Agency, the workers' compensation liability insurer for the city of Danbury, also is a defendant. For convenience, we refer in this opinion to the city as the defendant.

favor of Perun, holding that "[t]he express language of [§ 31-275 (1) (A) (i)] provides that for a police officer . . . the course of his employment encompasses such individual's departure from such individual's place of abode to duty, such individual's duty, and the return to such individual's place of abode after duty." (Internal quotation marks omitted.) The commissioner concluded that Perun's injury occurred during his "departure" and, accordingly, arose out of and in the course of his employment. She further held that § 31-275 (1) (E) (i), which precludes recovery for injuries sustained "[a]t the employee's place of abode," was inapplicable to claims by police officers and firefighters.

The defendant petitioned for review by the board, which reversed the commissioner's amended finding and award. The board held that § 31-275 (1) (E) (i) renders noncompensable injuries suffered within the confines of an employee's abode, as that concept is defined by § 31-275 (1) (F), when the employee had not been directed by his employer to conduct any work activities there. The board further concluded that there was no reason that § 31-275 (1) (E) (i) should not apply to the workers' compensation claims of police officers and firefighters. Perun now appeals to this court.

Resolution of Perun's claim requires that we review the board's construction of the relationship between § 31-275 (1) (A) (i), (E) (i), and (F). Although this court previously considered the definition of place of abode set forth in § 31-275 (1) (E) (i) and (F) in *Fine Homebuilders, Inc.* v. *Perrone*, 98 Conn. App. 852, 911 A.2d 1149 (2006), cert. granted on other grounds, 282 Conn. 901, 918 A.2d 888 (2007) (appeal withdrawn), we did not consider the legal issue presently before us. Additionally, the board does not contend that it has applied a time-tested interpretation of the relationship between the relevant statutes. See *Pasquariello* v. *Stop & Shop Cos.*, 281 Conn. 656, 663, 916 A.2d 803 (2007). Therefore,

"[b]ecause the relevant aspects of this statute have been subjected neither to previous judicial scrutiny nor to a time-tested interpretation by the board, we afford no special deference to the [board's] conclusion . . . . Instead, we exercise the plenary review we otherwise apply to such questions of law." (Citation omitted.) *Pizzuto* v. *Commissioner of Mental Retardation*, 283 Conn. 257, 264, 927 A.2d 811 (2007).

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning . . . [we] first . . . consider the text of the statute itself and its relationship to other statutes. If, after examining [the] text and considering such relationship, the meaning of [the] text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Pasquariello* v. *Stop & Shop Cos.*, supra, 281 Conn. 663–64.

"It is an axiom of [workers'] compensation law that awards are determined by a two-part test. The [claimant] has the burden of proving that the injury claimed [1] arose out of the employment and [2] occurred in the course of the employment." (Internal quotation marks omitted.) *Labadie* v. *Norwalk Rehabilitation Services, Inc.*, 274 Conn. 219, 227, 875 A.2d 485 (2005). "[E]mployment ordinarily does not commence until the claimant has reached the employer's premises, and consequently an injury sustained prior to that time would ordinarily not occur in the course of the employment so as to be compensable." (Internal quotation marks omitted.) Id., 229. "For a police officer or firefighter, [however] 'in

the course of his employment' encompasses such individual's departure from such individual's place of abode to duty . . . ." General Statutes § 31-275 (1) (A) (i). Section 31-275 (1) (E) and (F) articulate at what point a police officer's or firefighter's course of employment commences and terminates. Section 31-275 (1) (E) provides in relevant part that "[a] personal injury shall not be deemed to arise out of the employment if the injury is sustained . . . [a]t the employee's place of abode, and . . . while the employee is engaged in a preliminary act or acts in preparation for work unless such act or acts are undertaken at the express direction or request of the employer."[3] What constitutes one's "place of abode" is defined in § 31-275 (1) (F), and it "includes the inside of the residential structure, the garage, the common hallways, stairways, *driveways*, walkways and the yard . . . ." (Emphasis added.)

"In statutory construction, we endeavor . . . to read the statute as a whole and so as to reconcile all parts as far as possible." (Internal quotation marks omitted.) *Martone* v. *Lensink*, 207 Conn. 296, 302, 541 A.2d 488 (1988). Reading § 31-275 (1) as a whole, we hold that a police officer's or firefighter's commute to and from work is part of his or her "course of employment." The commute, however, according to the legislature, does not begin when the police officer or firefighter breaks the plane of his front door: an injury occurring in a driveway does not occur in the course of employment. In other words, police officers do enjoy so-called "portal-to-portal coverage" under the workers' compensation statutes; *Labadie* v. *Norwalk Rehabilitation Services, Inc.*, supra, 274 Conn. 235; but, Perun had not crossed the demarcation line as defined by the legislature when he sustained his injury.

---

[3] As the board noted in its decision, there was "no evidence that the [plaintiff] was responding to any directive [from the police department] when he was injured, or that he was injured in the course of performing police duties."

The decision of the workers' compensation review board is affirmed.