******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN M. WIBLYI, JR. *v.* MCDONALD'S
CORPORATION ET AL.
(AC 37304)

DiPentima, C. J., and Lavine and Mullins, Js.

*Argued April 6—officially released September 6, 2016*

(Appeal from Workers' Compensation Review Board.)

*John B. Cantarella*, for the appellants (defendants).

*Jennifer B. Levine*, with whom was *Harvey L. Levine*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant McDonald's Corporation[1] appeals from the decision of the Workers' Compensation Review Board (board) finding error in the decision of the Workers' Compensation Commissioner (commissioner). On appeal, the defendant claims that the board improperly concluded, as a matter of law, that the equitable doctrine of laches was not available as a defense to the motion to preclude filed by the plaintiff, John M. Wiblyi, Jr.[2] We disagree and, accordingly, affirm the decision of the board.

The following facts and procedural history are relevant to this appeal. The plaintiff filed a form 30C on June 28, 2000,[3] alleging that he had sustained an injury on September 8, 1999, while in the course of his employment.[4] Specifically, he claimed to have injured his knee after tripping over boxes on the floor. The defendant filed a form 43[5] on August 3, 2000, contesting liability for the injury. Specifically, the defendant stated "that [the] injury did not arise out of or in the course and scope of employment with [the defendant]. No medical documentation exists which supports causal relationship, disability and treatment recommendations. Delay in reporting incident. No medical treatment sought. Therefore, [defendant intends] to contest liability to pay compensation."[6]

After an extended time period, on February 25, 2010, the plaintiff filed a motion to preclude the defendant from contesting liability. Specifically, the plaintiff argued that the defendant had "failed to file notice contesting liability on or before the twenty-eighth day after it received written notice of claim." He further maintained that, as a result, the defendant conclusively was presumed to have accepted the compensability of his alleged injuries.

On October 11, 2012, the defendant filed an amended objection to the motion to preclude. It set forth the following reasons for its objection: (1) the notice of the claim was insufficient to trigger an investigation; (2) the notice of the claim was served improperly for the purposes of the motion to preclude; (3) there was no prima facie medical report that an injury had occurred; (4) waiver; (5) laches; (6) fraud; and (7) the defendant had filed a proper denial of benefits pursuant to General Statutes § 31-294c. In the attached memorandum of law, the defendant argued that the plaintiff did not seek treatment to be paid by the defendant until approximately February, 2008. It further claimed that the treatment sought by the plaintiff included bilateral knee replacement. With respect to its laches defense, the defendant contended that the plaintiff's delay of nearly ten years before filing the motion to preclude constituted an inexcusable delay. It also claimed that there had been significant proceedings in the two years prior

to the filing of the motion to preclude. Further, the defendant argued that it suffered prejudice from the delay because (1) witnesses were unavailable, (2) evidence was lost or destroyed and (3) it had expended significant resources throughout the course of the proceedings.

On August 21, 2013, the defendant filed a memorandum of law in opposition to the motion to preclude. It objected on the following bases: "(1) Improper Service of the Motion to Preclude; (2) a timely denial was filed under [§] 31-294c (b); and (3) Laches." The defendant iterated that there had been an inexcusable delay and that it had suffered prejudice as a result of said delay.

On September 19, 2013, the commissioner denied the plaintiff's motion to preclude. In his decision, the commissioner found that the plaintiff had filed a timely notice of claim on June 28, 2000, and that the defendant had not filed its form 43 within twenty-eight days of receipt of the notice of claim.[7] The commissioner also found that the claim had been dormant for many years and that many of the "original handlers of the claim . . . are no longer available and some documents no longer exist."

The commissioner denied the motion to preclude and ordered the case to proceed on the merits. Specifically, the commissioner stated: "Based on the totality of the circumstances, I hereby deny the motion to preclude. I am persuaded by the [defendant's] position on this issue, particularly as to the laches and prejudice claim, as this motion to preclude was filed eleven years after the filing of the [September 8, 1999] injury claim."[8]

The plaintiff appealed to the board from the denial of his motion to preclude. On October 3, 2014, the board issued a decision concluding that the commissioner had erred as a matter of law by applying the equitable doctrine of laches in the context of a motion to preclude, a creature of statute. The board reasoned that the Workers' Compensation Commission is limited by its enabling legislation and must act within its statutory authority. It then examined § 31-294c (b), which sets forth the framework for the filing of a motion to preclude. The board noted that the statute does not provide for a defense of laches. "Given that the remedy of claim preclusion, as set forth in the provisions of § 31-294c (b) . . . is clearly statutory in nature, we find that the [commissioner] was prohibited as a matter of law from denying the motion to preclude on the basis of the equitable doctrine of laches." After noting that statutory language must be given the intent as expressed in the words used by the legislature, the board remanded the matter for additional proceedings to determine whether the statutory requirements for granting a motion to preclude have been satisfied. This appeal followed.

On appeal, the defendant argues that the board

improperly concluded the equitable doctrine of laches was not applicable as a defense to a motion to preclude filed pursuant to § 31-294c (b).[9] It further contends that both elements of laches were satisfied in this case, and therefore the decision of the commissioner should have been affirmed. We conclude that the board properly determined, as a matter of law, that the defense of laches is inapplicable in this case. Therefore the defendant's appeal must fail.

As an initial matter, we set forth the general principles underlying the Workers' Compensation Act (act), General Statutes § 31-275 et seq. "The purpose of the [act] is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer . . . . [The act] compromise[s] an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation. . . . The act indisputably is a remedial statute that should be construed generously to accomplish its purpose. . . . The humanitarian and remedial purposes of the act counsel against an overly narrow construction that unduly limits eligibility for workers' compensation. . . . Further, our Supreme Court has recognized that the state of Connecticut has an interest in compensating injured employees to the fullest extent possible . . . . The purposes of the act itself are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes." (Citation omitted; internal quotation marks omitted.) *Gill* v. *Brescome Barton, Inc.*, 142 Conn. App. 279, 298–99, 68 A.3d 88 (2013), aff'd, 317 Conn. 33, 114 A.3d 1210 (2015); *Lamar* v. *Boehringer Ingelheim Corp.*, 138 Conn. App. 826, 831–32, 54 A.3d 1040, cert. denied, 307 Conn. 943, 56 A.3d 951 (2012).

We next set forth our well established standard of review. "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . It is well established that [a]lthough not dispositive, we accord great weight to construction given to the workers' compensation statutes by the commissioner and [the] board." (Internal quotation marks omitted.) *Leonetti* v. *MacDermid, Inc.*, 310 Conn. 195, 205–206, 76 A.3d 168 (2013).

The issue of whether laches is available as a defense to a motion to preclude has not been decided by either our Supreme Court or this court. Additionally, the board did not indicate that it had relied on a time tested interpretation of § 31-294c (b). We need not defer, therefore, to the board's interpretation of the statute at issue in the present case. "A state agency is not entitled . . . to special deference when its determination of a question of law has not previously been subject to judicial

scrutiny. . . . [W]hen . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Internal quotation marks omitted.) *Kinsey* v. *World Pac*, 152 Conn. App. 116, 123, 98 A.3d 66 (2014); see also *Thomas* v. *Dept. of Developmental Services*, 297 Conn. 391, 398–99, 999 A.2d 682 (2010); *Perun* v. *Danbury*, 143 Conn. App. 313, 315–16, 67 A.3d 1018 (2013). Further, we are mindful that "[i]n construing workers' compensation law, we must resolve statutory ambiguities or lacunae in a manner that will further the remedial purpose of the act. . . . [T]he purposes of the act itself are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes." (Internal quotation marks omitted.) *McCullough* v. *Swan Engraving, Inc.*, 320 Conn. 299, 306, 130 A.3d 231 (2016); *Kinsey* v. *World Pac*, supra, 124.

Certain features of workers' compensation law regarding the timeliness of an employer's response to an employee's claim of compensation pursuant to the act underlie our resolution of the defendant's appeal. We first must examine the language of § 31-294c (b), which sets forth the obligations of an employer to preserve its right to contest the claim for workers' compensation benefits. We next consider the purpose behind and effect of an employee's motion to preclude filed in response to the employer's failure to comply with § 31-294c (b).

Section 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested. . . . Notwithstanding the provisions of this subsection, *an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim* and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, *shall be conclusively presumed to have accepted the compensability of the alleged injury or death.*" (Emphasis added.) Plainly stated, an employer is required either to file a form 43 or to commence payment of the alleged injury to an employee within twenty-eight days of receiving written notice of the claim from the employee.[10] See, e.g., *Mehan* v. *Stamford*, 127 Conn. App. 619, 626–27, 15 A.3d 1122 (§ 31-294c [b] dictates "strict standards" to employer that seeks to contest liability), cert. denied, 301 Conn. 911, 19 A.3d 180 (2011).

Next, we examine the purpose and effect of a motion to preclude. This motion is filed by an employee follow-

ing an employer's failure to comply with § 31-294c (b), such as an untimely filed form 43. See id., 623 n.6. "The purpose of the preclusion statute is to ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claim. These effects would, in turn, diminish delays in the proceedings, discourage arbitrary refusal of bona fide claims and narrow the legal issues which were to be contested." (Internal quotation marks omitted.) *Chase* v. *State*, 45 Conn. App. 499, 503, 696 A.2d 1299 (1997). One treatise has observed that "[a] Motion to Preclude *acts as a statutorily created waiver mechanism* that requires the [commissioner] to forbid an employer/insurer from raising defenses to its liability for an ostensibly compensable injury if a Form 43 disclaimer is not submitted within 28 days of the filing of a suitable Form 30C." (Emphasis added.) 2 A. Sevarino, Connecticut Workers' Compensation After Reform (J. Passaretti ed., 6th Ed. 2014) § 5.14, p. 688.

This court has noted that "[i]n deciding a motion to preclude, the commissioner must engage a two part inquiry. First, he must determine whether the employee's notice of claim is adequate on its face. See General Statutes § 31-294c (a). Second, he must decide whether the employer failed to comply with § 31-294c either by filing a notice to contest the claim or by commencing payment on that claim within twenty-eight days of the notice of claim. See General Statutes § 31-294c (b). If the notice of claim is adequate but the employer fails to comply with the statute, then the motion to preclude must be granted." *Callender* v. *Reflexite Corp.*, 137 Conn. App. 324, 338, 49 A.3d 211, cert. granted, 307 Conn. 915, 54 A.3d 179 (2012) (appeal withdrawn September 25, 2013). If the commissioner grants the motion to preclude, then "the employer is precluded from contesting either the compensability of its employee's claimed injury or the extent of the employee's resulting disability." Id., 334; see also *Mehan* v. *Stamford*, supra, 127 Conn. App. 630 (employer divested of right to contest liability for claim following granting of motion to preclude).[11]

We now return to the specifics of the present case. The commissioner found that the plaintiff timely filed notice of his claim of a compensable injury via the form 30C on June 28, 2000. See General Statutes § 31-294c (a). The defendant did not file its form 43, contesting its liability to pay compensation for the plaintiff's injury, until August 3, 2000. The defendant, therefore, failed to comply with the mandate of § 31-294c (b) because its form 43 was not filed within twenty-eight days of receiving written notice of the claim.[12] See *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 77, 91,      A.3d (2016).

The plaintiff did not file his motion to preclude until

February 25, 2010, approximately nine and one-half years after the filing of the defendant's form 43. In its objection to the motion to preclude, the defendant argued, inter alia, that the plaintiff was barred by laches from proceeding with the motion to preclude. Specifically, it claimed that there had been an inexcusable delay of nearly ten years and that it was prejudiced as a result of that delay. The commissioner denied the motion to preclude on the basis of laches; the board disagreed and found that this equitable doctrine did not apply within the statutory framework of a motion to preclude. We agree with the board.

A brief explanation of laches will facilitate our analysis. In *John H. Kolb & Sons*, *Inc.* v. *G & L Excavating*, *Inc.*, 76 Conn. App. 599, 612–13, 821 A.2d 774, cert. denied, 264 Conn. 919, 828 A.2d 617 (2003), we explained that "[t]he defense of laches, if proven, bars a plaintiff from seeking equitable relief in a case in which there has been an inexcusable delay that has prejudiced the defendant. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant." (Internal quotation marks omitted.) We further noted that there must be unreasonable, inexcusable and prejudicial delay for the defense to apply. Id., 613. We also stated that "[a] laches defense is not . . . a substantive right that can be asserted in both legal and equitable proceedings. *Laches is purely an equitable doctrine*, is largely governed by the circumstances, and *is not to be imputed to one who has brought an action at law within the statutory period.* . . . It is an equitable defense allowed at the discretion of the trial court *in cases brought in equity*." (Emphasis in original; internal quotation marks omitted.) Id.; see also *Fromm* v. *Fromm*, 108 Conn. App. 376, 385, 948 A.2d 328 (2008) (doctrine of laches functions in part as kind of flexible statute of limitations).

Our Supreme Court recently has observed that the defense of laches has only a limited applicability. *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, 317 Conn. 357, 399, 119 A.3d 462 (2015). In that case, the court concluded that laches did not apply to actions at law brought within the statutory time period. Id., 400; see also *Florian* v. *Lenge*, 91 Conn. App. 268, 283, 880 A.2d 985 (2005) (laches not available in action at law and in absence of cause of action for equitable relief, trial court properly determined that laches not available as defense). Our Supreme Court reasoned that "[t]o import laches as a defense to actions at law would pit the legislative value judgment embodied in a statute of limitations . . . against the equitable determinations of individual judges. Judges could disallow claims that the legislature had already determined were timely brought. . . . Thus to import laches as a defense to actions of law would alter the balance of power between legislatures and courts regarding the timeliness of claims."

(Internal quotation marks omitted.) *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, supra, 401–402. On the basis of separation of powers and administrative concerns, our Supreme Court agreed that the distinction between legal and equitable claims was " 'sound' " and that laches did not apply to claims at law. Id., 402.

It is well recognized in our law that the workers' compensation system is derived exclusively from statute. *Discuillo* v. *Stone & Webster*, 242 Conn. 570, 576, 698 A.2d 873 (1997); see also *Kuehl* v. *Z-Loda Systems Engineering, Inc.*, 265 Conn. 525, 538, 829 A.2d 818 (2003); *Cantoni* v. *Xerox Corp.*, 251 Conn. 153, 159, 740 A.2d 796 (1999); *Fantasia* v. *Milford Fastening Systems*, 86 Conn. App. 270, 279, 860 A.2d 779 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1286 (2005). We iterate that a motion to preclude, in the context of workers' compensation cases, is a statutorily created waiver mechanism that, following an employer's failure to comply the requirement of § 31-294c (b), bars that employer from contesting the compensability of its employee's claimed injury or the extent of the employee's resulting disability. See 2 A. Sevarino, supra, § 5.14, p. 688; see also *Callender* v. *Reflexite Corp.*, supra, 137 Conn. App. 338; *Walter* v. *State*, 63 Conn. App. 1, 10–11, 774 A.2d 1052, cert. denied, 256 Conn. 930, 776 A.2d 1148 (2001). Mindful of our Supreme Court's analysis in *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, supra, 317 Conn. 400–402, we agree with the board's conclusion that laches does not apply to a motion to preclude filed pursuant § 31-294c (b). The limited applicability of this equitable defense does not extend to a statutorily created mechanism found in a system derived exclusively from our statutes.

Although not directed specifically to the area of workers' compensation law, our Supreme Court also cautioned against pitting the equitable determinations of judges against the value judgment of the legislature. Id., 401. We recognize that our legislature has not established a time period within which a motion to preclude must be filed. Nevertheless, our courts consistently have recognized the prerogative of the legislature to set the parameters in this area of the law. As a result of the statutory nature of the workers' compensation laws, "policy determinations as to what injuries are compensable and what jurisdictional limitations apply thereto are for the legislature, not the judiciary or the board, to make." (Internal quotation marks omitted.) *Stickney* v. *Sunlight Construction, Inc.*, 248 Conn. 754, 761, 730 A.2d 630 (1999); see also *Leonetti* v. *MacDermid, Inc.*, supra, 310 Conn. 217; *Matey* v. *Estate of Dember*, 256 Conn. 456, 481–82, 774 A.2d 113 (2001).

For example, we recently declined "to carve out another exception to the notice of claim requirements of § 31-294c (a) because we believe that the legislature, rather than this court, is the proper forum through

which to create any additional exceptions . . . .” *Izikson* v. *Protein Science Corp.*, 156 Conn. App. 700, 713, 115 A.3d 55 (2015); see also *Dowling* v. *Slotnik*, 244 Conn. 781, 811, 712 A.2d 396 (Supreme Court consistently has eschewed recognizing exception to act because it represents complex and comprehensive statutory scheme balancing rights and claims of employer and employee arising out of work-related personal injuries; therefore, responsibility for exceptions to act belongs to legislature and not courts), cert. denied sub nom. *Slotnik* v. *Considine*, 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998); see generally *Discuillo* v. *Stone & Webster*, supra, 242 Conn. 577 (although Supreme Court did not disagree with employee’s analysis of equities, it was not free to transcend jurisdictional limits of act). Consistent with these principles, we will not inject the equitable doctrine of laches into the framework that has been established by our legislature and does not contain a time period in which a motion to preclude must be filed.

We also are guided by our Supreme Court’s recent decision in *McCullough* v. *Swan Engraving, Inc.*, supra, 320 Conn. 299. In that case, the issue was whether the widow of an employee (dependent) was required to file a separate timely notice of claim for survivor’s benefits under the act when the employee previously had filed a timely claim for disability benefits. Id., 301. The claim for survivor’s benefits was filed fifty-five weeks after the death of the employee. Id., 302. The board concluded that the act required the dependent to file a separate claim for survivor’s benefit and that her claim was not filed timely. Id., 303–304.

Our Supreme Court noted that there was no statutory language “creating a statute of limitations for a claim for survivor’s benefits or language requiring that a dependent file a separate claim for survivor’s benefits if the employee filed a timely claim for benefits during his or her lifetime. If the legislature had intended to require such a filing and to provide a statute of limitations period, it could have done so. In the face of a legislative omission, it is not our role to engraft language onto the statute to require a dependent to file a claim for survivor’s benefits in such a situation.” Id., 310. Finally, it reasoned that if it recognized this limitation not set forth by the legislature, the court risked “denying the beneficent purposes of the act.” Id., 311.

Likewise, we will not recognize, in the absence of legislative action, a time limitation within which an employee, such as the plaintiff, must file a motion to preclude. In light of the precedent set forth previously, and the intricate and comprehensive statutory scheme promulgated by the legislature, this court declines to insert a time limitation to an employee’s ability to file a motion to preclude.

Finally, we briefly address the defendant’s argument

regarding the equitable nature of workers' compensation. General Statutes § 31-298 provides in relevant part: "In all cases and hearings under the provisions of this chapter, the commissioner shall proceed, so far as possible, in accordance with the rules of equity. He shall not be bound by the ordinary common law or statutory rules of evidence or procedure, but shall make inquiry, through oral testimony, deposition testimony or written and printed records, in a manner that is best calculated to ascertain the substantial rights of the parties and carry out the provisions and intent of this chapter. . . ."

This statute, however, does not engraft equitable doctrines, such as a laches, onto all aspects of the act. Our Supreme Court has interpreted § 31-298 "to cover only the manner in which hearings are conducted." *Leonetti* v. *MacDermid, Inc.*, supra, 310 Conn. 218; see also *O'Neil* v. *Honeywell, Inc.*, 66 Conn. App. 332, 340, 784 A.2d 428 (2001), cert. denied, 259 Conn. 914, 792 A.2d 852 (2002). Accordingly, we reject the defendant's claim that the equitable nature of the act requires the application of laches. We conclude that the board properly determined, as a matter of law, that the equitable doctrine of laches did not apply to the plaintiff's motion to preclude. Any such time limitation must originate with our legislature, not the courts.

The decision of the Workers' Compensation Review Board is affirmed.

In this opinion the other judges concurred.

[1] Additional defendants on appeal are Bridgestone Firestone and Gallagher Bassett Services, the defendant's insurer. For simplicity, we refer to McDonald's Corporation as the defendant in this appeal.

[2] General Statutes § 31-301b provides that "[a]ny party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court, whether or not the decision is a final decision within the meaning of section 4-183 or a final judgment within the meaning of section 52-263." This court, therefore, has jurisdiction to review this case.

We note that although § 31-301b has been amended since the events at issue here, that amendment is not relevant to this appeal. For convenience, we refer to the current revision of § 31-301b.

[3] A form 30C is the form "prescribed by the workers' compensation commission of Connecticut for use in filing a notice of claim under the [Workers' Compensation Act, General Statutes § 31-275 et seq.]." *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 619 n.11, 748 A.2d 278 (2000); see also *Gamez-Reyes* v. *Biagi*, 136 Conn. App. 258, 270, 44 A.3d 197 (well established that plaintiff has burden of proving that he is employee of employer from whom he seeks compensation and properly must initiate claim under General Statutes § 31-294c), cert. denied, 306 Conn. 905, 52 A.3d 731 (2012).

[4] General Statutes § 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident . . . ."

We note that although § 31-294c has been amended since the events at issue here, that amendment is not relevant to this appeal. For convenience, we refer to the current revision of § 31-294c.

[5] "A form 43 is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest liability to pay compensation." (Internal quotation marks omitted.) *Lamar* v. *Boehringer Ingelheim Corp.*, 138 Conn. App. 826, 828 n.2, 54 A.3d 1040, cert. denied, 307 Conn. 943, 56 A.3d 951 (2012).

[6] "A workers' compensation claimant must prove five elements to establish a prima facie case under the Workers' Compensation Act (act), General Statutes § 31-275 et seq.: (1) the workers' compensation commission has jurisdiction over the claim; (2) the claim has been timely brought by filing a claim of notice within the requisite time period or by coming within one of the exceptions thereto; (3) the claimant is a qualified claimant under the act; (4) the respondent is a covered employer under the act; and (5) *the claimant has suffered a personal injury as defined by the act arising out of and in the course of employment*. . . . A valid disclaimer contests one or more of the elements of the plaintiff's prima facie case." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Riveiro* v. *Fresh Start Bakeries*, 159 Conn. App. 180, 189, 123 A.3d 35, cert. denied, 319 Conn. 930, 125 A.3d 205 (2015).

[7] See *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 77, 80,      A.3d      (2016).

[8] We note that the finder of fact determines whether a party is guilty of laches. See, e.g., *TD Bank, N.A.* v. *Doran*, 162 Conn. App. 460, 466, 131 A.3d 288 (2016); *Florian* v. *Lenge*, 91 Conn. App. 268, 281, 880 A.2d 985 (2005).

[9] The plaintiff also appealed from the decision of the board. See *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 77,      A.3d      (2016). He claimed that the board improperly reconsidered the commissioner's findings that a "form 30C was filed upon the [defendant] . . . according to Connecticut law such that the 28 [day] rule to file a denial was triggered . . . ." (Internal quotation marks omitted.) Id., 81–82. In a separate decision released today, we concluded that the commissioner's findings were not inconsistent and were supported by the record, and that the board improperly reassessed the credibility of the witnesses and weighed the evidence. Id., 84. Accordingly, we reversed the decision of the board. Id., 92.

[10] We previously recited our Supreme Court explanation's that "the portion of [§ 31-294c (b)] providing for a conclusive presumption of liability in the event of the employer's failure to provide timely notice was intended to correct some of the glaring inequities of the workers' compensation system, specifically, to remedy the disadvantaged position of the injured employee . . . ." (Internal quotation marks omitted.) *Lamar* v. *Boehringer Ingelheim Corp.*, supra, 138 Conn. App. 840; see also *Leonetti* v. *MacDermid, Inc.*, supra, 310 Conn. 209 ("[o]ne reason for the existence of the act is the long recognized disparity in bargaining power that exists between an employee and his employer").

[11] Our Supreme Court has described this rule as a "harsh" penalty but one that results in a fair and just result. *Harpaz* v. *Laidlaw Transit, Inc.*, 286 Conn. 102, 130, 942 A.2d 396 (2008). It further recognized, however, that "[a]n employer readily can avoid the conclusive presumption by either filing a timely notice of contest or commencing timely payment of compensation with the right to repayment if the employer prevails. Should the employer's timely and reasonable investigation reveal that an issue regarding the extent of disability has not yet manifested, the employer still can preserve its right to contest that issue at some later point in time simply by paying the compensation due under the claim, even if all that is due is payment of medical bills." (Internal quotation marks omitted.) Id., 130–31.

Additionally, we have noted that an equally severe result will befall an employee who fails to file his or her claim for workers' compensation benefits within the statutorily mandated time period. "While preclusion has been described as a 'harsh remedy,' it is no less harsh than the strict statutory time period within which the employee must file his claim and notify his employer of the claim or otherwise relinquish it." *Callender* v. *Reflexite Corp.*, supra, 137 Conn. App. 334 n.14.

[12] There is nothing in the record to suggest that the defendant commenced payment within the twenty-eight day time period set forth in § 31-294c (b).