******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN M. WIBLYI, JR. *v.* MCDONALD'S
CORPORATION ET AL.
(AC 37303)

DiPentima, C. J., and Lavine and Mullins, Js.

*Argued April 6—officially released September 6, 2016*

(Appeal from Workers' Compensation Review Board.)

*Jennifer B. Levine*, with whom was *Harvey L. Levine*, for the appellant (plaintiff).

*John B. Cantarella*, for the appellees (defendants).

*Opinion*

MULLINS, J. The plaintiff, John M. Wiblyi, Jr., appeals from the decision of the Workers' Compensation Review Board (board)[1] remanding, in part, and ordering the Workers' Compensation Commissioner (commissioner) to conduct further proceedings on the plaintiff's motion to preclude the form 43 disclaimer[2] filed by the defendant McDonald's Corporation.[3] We conclude that the board improperly remanded the matter with direction that the commissioner, essentially, reconsider his findings on the ground that there were "ambiguities in the record . . . ."

We begin with the underlying facts as found by the commissioner. After hearing the evidence presented on the plaintiff's motion to preclude, the commissioner issued the following written decision:

"1. This matter has been the subject of many hearings, including a [Workers' Compensation Review Board] appeal that affirmed a bifurcation issue in regards to the motion to preclude issue before the undersigned.

"2. In regards to this motion to preclude issue, the [plaintiff], citing case law, contends [that] the [defendant] . . . should be precluded from contesting the liability of this claim and seeks an award of benefits.

"3. The [defendant] . . . contends the motion to preclude should be denied based on several grounds, particularly laches and prejudice, and the liability of this matter should be determined on the merits.[4]

"4. The [plaintiff] properly filed a timely notice of claim on [June 28, 2000] for a [September 8, 1999] injury.

"5. The [defendant] . . . did not file a form 43 denial within twenty-eight days of receipt of the form 30C.[5]

"6. The claim was dormant for many years. Many of the original handlers of the claim for the [defendant] are no longer available and some documents no longer exist.

"7. Testimony from both sides was heard, as well as oral argument. Exhibits A through F, and one through four, were entered into the record.

"WHEREFORE, BASED ON ALL THE EVIDENCE, I HEREBY . . . CONCLUDE THAT:

"8. Based on the totality of the circumstances, I hereby deny the [plaintiff's] motion to preclude. I am persuaded by the [defendant's] position on this issue, particularly as to the laches and prejudice claim, as this motion to preclude was filed eleven years after the filing of the [September 8, 1999] injury claim. See *Kalinowski* v. *Meriden*, [No. 5028, CRB-8-05-11 (January 24, 2007)]. See also prejudice section in General Statutes § 31-294.[6] The *Harpaz/Donahue* line of cases do not apply, as this may now constitute an exception. [See *Harpaz* v.

*Laidlaw Transit, Inc.*, 286 Conn. 102, 942 A.2d 396 (2008), and *Donahue* v. *Veridiem, Inc.*, 291 Conn. 537, 970 A.2d 630 (2009).]

"9. This matter shall now proceed on the merits.

"10. This matter shall remain open subject to future hearings at the request of the parties or district office.

"IT IS SO ORDERED." (Footnotes added.)

Following the commissioner's denial of the motion to preclude, both the plaintiff and the defendant filed motions to correct. The plaintiff requested that the commissioner delete paragraph six of his decision and delete paragraph eight and change his conclusion. The defendant requested that the commissioner modify paragraph four to state, in part, that there was no credible evidence that the plaintiff properly served notice of claim on the defendant, and delete paragraph five in its entirety. The commissioner entered simple denials on both motions.

Thereafter, both the plaintiff and the defendant appealed to the board. The plaintiff appealed on the ground that the commissioner erred as a matter of law by applying the equitable defense of laches. The defendant cross appealed on the ground that the plaintiff failed to prove, as a matter of law and fact, that a "form 30C was filed upon the [defendant] . . . according to Connecticut law such that the 28 [day] rule to file a denial was triggered . . . ."

After hearing the appeal, the board agreed with the plaintiff that the equitable doctrine of laches did not apply, holding: "Nowhere in [§ 31-294c (b)] did the legislature indicate that a [defendant] can defeat an otherwise valid motion to preclude through the affirmative defense of laches . . . ."[7]

In considering the defendant's claim that the plaintiff had failed to prove that he had filed a form 30C with the defendant, which would have triggered the defendant's obligation to file a form 43 disclaimer within twenty-eight days, the board found that the record contained ambiguities and that the case needed to be remanded for further proceedings. Specifically, the board concluded that the commissioner failed to provide the "subordinate findings in support of [his] conclusion . . . [and that] . . . [its] review of the totality of the evidence reveals ambiguities in the record [that] would not necessarily support the inferences apparently drawn by the trier." The board noted that there were no "green cards" in evidence to support the plaintiff's assertion that he mailed both form 30Cs by certified mail and that, therefore, it was likely that the commissioner relied on the plaintiff's testimony to support a finding that the plaintiff properly served the form 30C.

The board also correctly pointed out that it is the responsibility of the commissioner to assess the credi-

bility of witnesses, but it then stated that "in the instant matter, there exist inconsistencies in the testimony which do not allow us to afford the customary deference we generally extend to credibility findings." The board then examined areas of inconsistencies in the record,[8] and found that "the documentary evidence submitted into the instant record is not consistent with either the stipulation[9] offered by [the defendant's] counsel or the [plaintiff's] testimony. In light of this ambiguity, it simply cannot be determined whether the [plaintiff] provided sufficient notice of his claim to the [defendant]." (Footnote added.) The board then concluded that the commissioner should not have denied the motions to correct "insofar as the trial commissioner's denial of the proposed corrections was inconsistent with the findings presented herein," and it remanded the case "for additional proceedings consistent with [its] opinion." Both parties then appealed to this court.[10] The plaintiff's appeal is considered herein; the defendant's appeal is considered in AC 37304, *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 92,      A.3d      (2016), issued today also.

On appeal, the plaintiff contends that the board went well beyond its authority and abused its discretion by attempting to weigh the credibility of the witnesses who testified before the commissioner and by attempting to retry the facts of the case. He argues that the obligation to weigh credibility and to decide contested issues of fact lies with the commissioner. He further argues that, provided there is evidence in the record to support the commissioner's findings, the board is without authority to remand the matter for the commissioner to reassess the evidence simply because the facts were disputed, and the board did not like the manner in which the commissioner weighed the evidence and made his findings.

We conclude that, although there were inconsistencies and conflicts in the evidence presented to the commission, the commissioner's findings were not inconsistent or contradictory; they were supported by the evidence. Accordingly, we further conclude that the board improperly reassessed the credibility of the witnesses and weighed the evidence, thereby usurping the authority of the commissioner.

We begin by setting forth the well established standard of review applicable to workers' compensation appeals. "The commissioner has the power and duty, as the trier of fact, to determine the facts . . . and [n]either the . . . board nor this court has the power to retry facts. . . . The conclusions drawn by [the commissioner] from the facts found [also] must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . [Moreover, it] is well established that [a]lthough not dispositive, we

accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have determined, therefore, that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . . Furthermore, [i]t is well established that, in resolving issues of statutory construction under the act, we are mindful that the act indisputably is a remedial statute that should be construed generously to accomplish its purpose. . . . The humanitarian and remedial purposes of the act counsel against an overly narrow construction that unduly limits eligibility for workers' compensation. . . . Accordingly, [i]n construing workers' compensation law, we must resolve statutory ambiguities or lacunae in a manner that will further the remedial purpose of the act. . . . [T]he purposes of the act itself are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes." (Citations omitted; internal quotation marks omitted.) *Hart* v. *Federal Express Corp.*, 321 Conn. 1, 18–19, 135 A.3d 38 (2016); see also Regs., Conn. State Agencies § 31-301-8.[11]

"Our scope of review of the actions of the board is similarly limited. . . . The role of this court is to determine whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Dubrosky* v. *Boehringer Ingelheim Corp.*, 145 Conn. App. 261, 268, 76 A.3d 657, cert. denied, 310 Conn. 935, 78 A.3d 859 (2013).

"In deciding a motion to preclude, the commissioner must engage [in] a two part inquiry. First, he must determine whether the employee's notice of claim is adequate on its face. See General Statutes § 31-294c (a). Second, he must decide whether the employer failed to comply with § 31-294c either by filing a notice to contest the claim or by commencing payment on that claim within twenty-eight days of the notice of claim. See General Statutes § 31-294c (b).[12] If the notice of claim is adequate but the employer fails to comply with the statute, then the motion to preclude must be granted." (Internal quotation marks omitted.) Id.

Here, the plaintiff contends that the board abused its discretion by ordering the commissioner to hold further proceedings because there were ambiguities in the evidence used by the commissioner in making his findings.

The plaintiff argues that the commissioner's findings, which have support in the evidence, are binding on the board. The defendant argues that the board acted properly because "[t]he [plaintiff] has not met [his] burden of proof by a preponderance of evidence, as a matter of law, that the [plaintiff] properly served [the] notice of claim to [the defendant], thereby 'triggering' the preclusion statute."[13] Throughout its brief, the defendant argues about the lack of credibility in the plaintiff's evidence. We agree with the plaintiff.

"Whether a case should be remanded [to the commissioner], and the scope of that remand, presents questions to be determined by the compensation review board in the exercise of its sound discretion. . . . The actions of the board will not be disturbed unless the board has abused its broad discretion." (Citation omitted; internal quotation marks omitted.) *Fantasia* v. *Milford Fastening Systems*, 86 Conn. App. 270, 278, 860 A.2d 779 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1286 (2005). "In workers' compensation cases, motions [for articulation] are granted when the basis of the commissioner's conclusion is unclear. . . . When a commissioner's findings are too ambiguous to serve as a basis for appellate review, it may be appropriate for the reviewing court to remand the case to the commissioner for further articulation."[14] (Citation omitted; internal quotation marks omitted.) Id., 280.

In this case, the commissioner specifically found that the plaintiff properly had filed a timely notice of claim on June 28, 2000, for a September 8, 1999 injury, and that the defendant did not timely file a form 43 denial within twenty-eight days of receipt of the form 30C. Although we certainly agree with the board that there is conflicting evidence in the record, we conclude the record contains evidence to support the commissioner's findings. See *Hart* v. *Federal Express Corp.*, supra, 321 Conn. 18–19 ("commissioner has the power and duty . . . to determine the facts . . . and [n]either the . . . board nor this court has the power to retry facts").

Specifically, the record contains evidence that the plaintiff worked for the defendant during the 1990s and was responsible for recruiting, training, safety training, and workers' compensation matters. He became the senior human resource person, and he had a "strong knowledge" of workers' compensation. His job duties included accepting and denying workers' compensation claims that would be sent from the defendant's employees. The plaintiff testified that he was aware that form 30C had to be sent by certified mail.[15]

The record also reveals that, on September 8, 1999, the plaintiff injured his knees when he fell in the mail room at work, and that his injury was witnessed by a coworker, Frank Niceta. The plaintiff also testified that, while sitting in his office cubicle at the defendant's premises in June, 2000, he filled out and "certainly"

mailed a copy of form 30C to both the defendant and the commissioner.[16] He believed that he sent them both via certified mail, but he no longer had the green certified mail cards as proof. He also testified that, because Niceta was aware of the injury and the form 30C, his filling out the form at his desk also qualified as notice to the defendant. The record also reveals that the commissioner received the plaintiff's form 30C on June 28, 2000, and marked it "Received Certified" on that date. On August 3, 2000, the commissioner also received by certified mail a form 43 from the defendant.

The record also reveals that Christopher James Cornaglia II, a human resources consultant for the defendant, testified that the defendant had destroyed the plaintiff's records, which had been subpoenaed by the plaintiff's counsel. He explained that the records were destroyed because the defendant keeps files for only six years after an employee leaves his employment with the defendant. In response to that testimony, Cornaglia specifically was asked by the plaintiff's attorney: "Are you saying, your testimony is that [the defendant] shreds and throws out or rips up or disposes . . . in some manner all workers' compensation files that are claimed in a timely fashion within six years? Because they are making new law if they are doing that. Is that what your testimony is?" Cornaglia responded: "Files are kept for six years after employment."[17] The plaintiff's counsel then asked the commissioner to make "a negative inference . . . with regards to whether [the defendant] . . . actually [had] in [its] possession the green cards or the receipt certifications or stamped-in items with regards to the 30C that was filed [by the plaintiff]." The commissioner responded: "That is something I'll take up at the end."

On the basis of this evidence, which the commissioner appears to have credited and from which he drew reasonable inferences, the commissioner concluded that "[t]he [plaintiff] properly filed a timely notice of claim on [June 28, 2000] for a [September 8, 1999] injury" and that "[t]he [defendant] . . . did not file a form 43 denial within twenty-eight days of receipt of the form 30C." We conclude that there is evidence to support these findings and that the board abused its discretion in remanding the matter to the commissioner on the ground that it found ambiguity in the evidence.

The decision of the Workers' Compensation Review Board is reversed and the case is remanded to the board with direction to affirm the commissioner's decision and to remand the case to the commissioner for further proceedings according to law.

In this opinion the other judges concurred.

[1] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court, whether or not the decision is a final decision within the meaning of section 4-183 or a final judgment within the

meaning of section 52-263."

We note that although § 31-301b has been amended since the events at issue here, that amendment is not relevant to this appeal. For convenience, we refer to the current revision of § 31-301b.

[2] "A form 43 is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest liability to pay compensation. If an employer fails timely to file a form 43, a claimant may file a motion to preclude the employer from contesting the compensability of his claim." (Internal quotation marks omitted.) *Lamar* v. *Boehringer Ingelheim Corp.*, 138 Conn. App. 826, 828 n.2, 54 A.3d 1040, cert. denied, 307 Conn. 943, 56 A.3d 951 (2012). The form 43 generally must be filed with twenty-eight days of receiving written notice of the claim. See General Statutes § 31-294c, cited in footnote 12 of this opinion.

[3] Additional defendants on appeal are Bridgestone Firestone and Gallagher Bassett Services, the defendant's insurer. For simplicity, however, we refer to McDonald's Corporation as the defendant in this appeal.

We also note that the defendant has filed a separate appeal challenging that portion of the board's decision affirming the commissioner's determination that laches and prejudice did not apply to this case. See *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 92,     A.3d     (2016).

[4] The record reveals that the defendant opposed the plaintiff's motion to preclude on the basis of "(1) Improper service of the motion to preclude; (2) a timely denial was filed under General Statutes § 31-294c (b); and (3) laches."

[5] "A form 30C is the name of the form prescribed by the workers' compensation commission of Connecticut for use in filing a notice of claim under the act." *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 619 n.11, 748 A.2d 278 (2000).

[6] We note that § 31-294 was repealed in 1991. We assume, without deciding, that the commissioner actually was referring to General Statutes § 31-294c.

[7] This determination is the subject of a separate appeal brought by the defendant. See *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 92,     A.3d     (2016).

[8] The board pointed to conflicting evidence in the record, such as the variance between some of the documentary evidence and the parties' stipulation of facts. We note that although the commissioner may decline, in some instances, to accept such a stipulation or to permit a withdrawal or modification thereof, the mere fact that there is contradictory evidence does not render the stipulation incompetent evidence. "A formal stipulation of facts by the parties to an action constitutes a mutual judicial admission and under ordinary circumstances should be adopted by the court in deciding the case. . . . A party is bound by a judicial admission unless the court, in the exercise of a reasonable discretion, allows the admission to be withdrawn, explained or modified." (Citation omitted; internal quotation marks omitted.) *Cantonbury Heights Condominium Assn., Inc.* v. *Local Land Development, LLC*, 273 Conn. 724, 745, 873 A.2d 898 (2005).

[9] During the hearing before the commissioner, the plaintiff's attorney specifically sought clarification as to whether "there [was] any dispute [that the plaintiff] was an employee in 1999 or at the time which he filed his form 30C." The defendant's counsel responded: "No, no." The commissioner then stated: "All right. So, let's move on. So noted for the record. [The plaintiff] at the time of his claimed injury of September 8, 1999, and at the time of the filing of the 30C received by the [compensation] office on June 28, 2000, was an employee of the [defendant]. So stipulated."

[10] The plaintiff contends that the board essentially remanded the case to the commissioner for an articulation, which, it argues, was improper because no articulation is necessary. We conclude that the remand order is ambiguous, but that it appears to ask the commissioner to reconsider his findings and conclusions in light of the ambiguities in the evidence as set forth in the board's decision.

[11] Section 31-301-8 of the Regulations of Connecticut State Agencies provides: "Ordinarily, appeals are heard by the compensation review division upon the certified copy of the record filed by the commissioner. In such cases the division will not retry the facts or hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusion reached. It cannot review the conclusions of the commissioner when these depend upon the weight of the evidence and the credibility of witnesses. Its power in the corrections of the finding of the commissioner is analogous to, and

its method of correcting the finding similar to the power and method of the Supreme Court in correcting the findings of the trial court."

[12] General Statutes § 31-294c provides in relevant part: "(a) No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury . . . . Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or the date of the first manifestation of a symptom of the occupational disease and the nature of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. . . .

"(b) Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested. The employer shall send a copy of the notice to the employee in accordance with section 31-321. If the employer or his legal representative fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury . . . on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim, provided the employer shall not be required to commence payment of compensation when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that (1) the employer, if he has commenced payment for the alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim, shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim, and (2) the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury or death on or before such twenty-eighth day. An employer shall be entitled, if he prevails, to reimbursement from the claimant of any compensation paid by the employer on and after the date the commissioner receives written notice from the employer or his legal representative, in accordance with the form prescribed by the chairman of the Workers' Compensation Commission, stating that the right to compensation is contested. Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury . . . on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury . . . on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death.

"(c) Failure to provide a notice of claim under subsection (a) of this section shall not bar maintenance of the proceedings if there has been a hearing or a written request for a hearing or an assignment for a hearing within a one-year period from the date of the accident or within a three-year period from the first manifestation of a symptom of the occupational disease, as the case may be, or if a voluntary agreement has been submitted within the applicable period, or if within the applicable period an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care as provided in section 31-294d. No defect or inaccuracy of notice of claim shall bar maintenance of proceedings unless the employer shows that he was ignorant of the facts concerning the personal injury and was prejudiced by the defect or inaccuracy of the notice. Upon satisfactory showing of ignorance and prejudice, the employer shall receive allowance to the extent of the prejudice. . . ."

We note that although § 31-294c has been amended since the events at issue here, that amendment is not relevant to this appeal. For convenience, we refer to the current revision of § 31-294c.

[13] The defendant also contends that the "motion to preclude must be

denied as no medical documentation of a work-related injury" was presented. This issue is not before us, and we decline to address it.

[14] "Although the customary practice of the board is not a definitive indication of the boundaries of its statutory authority, it should be noted that the board routinely has remanded cases to the commissioner for articulation when the commissioner's *findings* appeared to be inherently inconsistent. See *Ortiz* v. *Highland Sanitation*, No. 4439 CRB-4-01-9 (November 12, 2002) ('[w]e have held that, where the findings of a trial commissioner appear to be inherently inconsistent amongst themselves, or with the trier's conclusions, the correct approach is to remand the matter [to the commissioner] for clarification'); *Krajewski* v. *Atlantic Machine Tool Works, Inc.*, No. 4500, CRB-6-02-3 (March 7, 2003) (affirming in part and remanding one issue 'solely for an articulation of the basis of the [commissioner's] decision to dismiss [the] claim'); see also A. Sevarino, Connecticut Workers' Compensation After Reforms (3d Ed. 2002) § 10.85.2, p. 1453 ('where the facts found are inconsistent with the Workers' Compensation Commissioner's conclusions, the [board] will remand the matter back to the [commissioner]')." (Emphasis added.) *Fantasia* v. *Milford Fastening Systems*, supra, 86 Conn. App. 280 n.4.

One cannot conclude that a trial commissioner's *factual findings* are inherently flawed, however, merely because contradictory *evidence* has been presented. It is the duty of the trier of fact to weigh such evidence and come to a conclusion on the basis thereof. See *Hart* v. *Federal Express Corp.*, supra, 321 Conn. 18 ("commissioner has the power and duty . . . to determine the facts" [internal quotation marks omitted]).

[15] We note that General Statutes § 31-321 also permits personal service of form 30C on a defendant: "Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under this chapter to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally or by registered or certified mail addressed to the person upon whom it is to be served at the person's last-known residence or place of business. Notices on behalf of a minor shall be given by or to such minor's parent or guardian or, if there is no parent or guardian, then by or to such minor."

[16] Although the defendant contests whether the plaintiff, in fact, worked for it in June, 2000, when he filed his form 30C, during the hearing before the commissioner, the defendant stipulated that it was not disputing whether the plaintiff was an employee at the time he filed his form 30C. Specifically, the plaintiff's counsel had asked: "Is there any dispute [that the plaintiff] was an employee in 1999 or at the time which he filed his form 30C?" The defendant's counsel responded: "No, no." As set forth in footnote 9 of this opinion, the commissioner then stated: "All right. So, let's move on. So noted for the record. [The plaintiff] at the time of his claimed injury of September 8, 1999, and at the time of the filing of the 30C received by the [compensation] office on June 28, 2000, was an employee of the [defendant]. So stipulated."

[17] Cornaglia also explained that after the six years, a limited electronic file is maintained.