JOHN DILUCIANO *v.* STATE OF CONNECTICUT
MILITARY DEPARTMENT
(AC 19786)

Lavery, C. J., and Schaller and Healey, Js.

Argued September 18—officially released November 14, 2000

*Robert M. Fitzgerald*, for the appellant (plaintiff).

*Philip M. Schulz*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, John Diluciano, appeals from the decision of the workers' compensation review board (board) affirming the commissioner's dismissal of his claim for workers' compensation benefits for injuries sustained in a motor vehicle accident that occurred while he was traveling to work. On appeal, the plaintiff claims that the board improperly determined that a security officer of the state military department (department), deriving his police powers from

General Statutes § 29-18,[1] is not a "policeman" as defined in General Statutes § 31-275 (1) (A)[2] and, accordingly, is not covered by the Workers' Compensation Act (act), General Statutes § 31-275 et seq., for injuries sustained while traveling to or from work. We affirm the decision of the board.

The relevant facts as found by the commissioner are as follows. The plaintiff was employed as a department security officer. According to the department's job description, the plaintiff was not required to attend or graduate from the state police academy to attain this position. His duties consisted of conducting building checks and occasionally stopping vehicles. The plaintiff, acting in this position, derived limited powers as a "special policeman" from § 29-18.[3] Although that statute granted the plaintiff authority to arrest and detain people, he could do so only within the jurisdiction of the towns in which his duty station was located.

On December 10, 1995, the plaintiff's duty station was the Connecticut Air National Guard facility at Bradley International Airport. That facility, according to the

[1] General Statutes § 29-18 provides: "The Commissioner of Public Safety may appoint one or more persons nominated by the administrative authority of any state buildings or lands including, but not limited to, state owned and managed housing facilities, to act as special policemen in such buildings and upon such lands. Each such *special policeman* shall be sworn and may arrest and present before a competent authority any person for any offense committed within his precinct." (Emphasis added.)

[2] General Statutes § 31-275 (1) (A) provides in relevant part: "Arising out of and in the course of his employment means an accidental injury happening to an employee or an occupational disease of an employee originating while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer, provided: (A) For a *policeman* and a fireman, in the course of his employment shall encompass his departure from his place of abode to duty, his duty, and his return to his place of abode after duty . . . ." (Emphasis added; internal quotation marks omitted.)

[3] See footnote 1.

plaintiff's special police power card, occupies land in Windsor Locks, Suffield and East Granby. The plaintiff did not live in any of those towns, and he commuted to work from his home in Woodstock.

The plaintiff's off-duty privileges and benefits were similarly limited. The plaintiff, for example, was not issued a state vehicle for driving to and from work. Pursuant to his union contract, the plaintiff also did not receive travel pay and was not considered to be on duty while commuting to and from work. The plaintiff was not allowed to carry a duty weapon while off duty. Rather, the plaintiff obtained his duty weapon when he arrived at work and returned it when leaving work.

On December 10, 1995, the plaintiff was scheduled to work from 4 p.m. to midnight. At approximately 3:22 p.m., he was traveling from his home in Woodstock to his duty station. While doing so, the plaintiff was involved in a motor vehicle accident. The accident occurred on Route 197 in Union. After the accident, the plaintiff returned to his home and did not report to work. The plaintiff, however, contacted his supervisor and informed him of the accident. As a result of the accident, the plaintiff sustained injuries to his neck, back and shoulders.

Thereafter, the plaintiff filed with the department a notice of claim for workers' compensation benefits, which was denied because the accident had occurred while he was off duty. A formal hearing was held before the commissioner regarding the plaintiff's claim, and on June 2, 1998, the commissioner dismissed the claim. In doing so, the commissioner concluded that the plaintiff's powers and duties were much more limited than those of a typical police officer. The plaintiff, according to the commissioner, also lacked the extensive training and education typically associated with police officers. This compelled the commissioner to conclude that the

plaintiff was not a "policeman" as the term is used in § 31-275 (1) (A) and, therefore, was not entitled to workers' compensation benefits for injuries sustained while traveling to or from work.

The plaintiff petitioned the board for review of the commissioner's ruling. The board affirmed the commissioner's ruling, and this appeal followed.

As a threshold matter, we set forth the proper standard of review applicable to workers' compensation appeals. "The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . *Besade* v. *Interstate Security Services*, 212 Conn. 441, 449, 562 A.2d 1086 (1989). Neither the review board nor this court has the power to retry facts. See *Six* v. *Thomas O'Connor & Co.*, 235 Conn. 790, 798–99, 669 A.2d 1214 (1996). . . . *Doe* v. *Stamford*, 241 Conn. 692, [697], 699 A.2d 52 (1997). It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . *Duni* v. *United Technologies Corp.*, 239 Conn. 19, 24–25, 682 A.2d 99 (1996); *Davis* v. *Norwich*, 232 Conn. 311, 317, 654 A.2d 1221 (1995). Where . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision. *Doe* v. *Stamford*, supra, 697; see *Davis* v. *Norwich*, supra, 317. . . . *Dowling* v. *Slotnik*, 244 Conn. 781, 798, 712 A.2d 396, cert. denied sub nom. *Slotnik* v. *Consid-*

*ine,* 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998)." (Internal quotation marks omitted.) *Fimiani* v. *Star Gallo Distributors, Inc.,* 248 Conn. 635, 641–42, 729 A.2d 212 (1999).

We now turn to the plaintiff's argument. He asserts that this matter involves a pure question of statutory construction in which the plain language of the statute is clear and unambiguous. According to the plaintiff, he is a "policeman" as the term is used in § 31-275 (1) (A) and, as such, is entitled to the coverage due a "policeman." The plaintiff does not disagree with the commissioner's factual findings, but disagrees with the commissioner's legal conclusions. We are not persuaded.

To understand fully the plaintiff's position, it is necessary to review the "coming and going rule" under the act. That rule generally denies workers' compensation benefits for injuries sustained by employees while they are traveling to and from their places of employment. See General Statutes § 31-275 (1) (E);[4] *True* v. *Longchamps, Inc.,* 171 Conn. 476, 478, 370 A.2d 1018 (1976). The act, however, does specify an exception to the rule. Section 31-275 (1) (A) provides in relevant part that "[f]or a *policeman* and a fireman, in the course of his employment shall encompass his departure from his place of abode to duty, his duty, and his return to his place of abode after duty . . . ." (Emphasis added; internal quotation marks omitted.) The police and firefighter exception is presumably based on the emergency on-call nature of those professions and the urgency with which police and firefighters may be summoned to duty. See 1 A. Larson & L. Larson, Workers' Compensation Law (2000) § 14.05, p. 14-17. In essence, the plaintiff argues that he falls under the "policeman"

---

[4] General Statutes § 31-275 (1) (E) provides in relevant part: "[A] personal injury shall not be deemed to arise out of the employment if the injury is sustained: (i) At the employee's place of abode and (ii) while the employee is engaged in a preliminary act or acts in preparation for work . . . ."

exception to the "coming and going rule." We must determine whether the plaintiff, as a "special policeman" deriving his authority from § 29-18, is entitled to be considered a "policeman" for purposes of coverage under § 31-275 (1) (A). We conclude that he is not so considered.

The plaintiff's argument oversimplifies the matter. Contrary to the plaintiff's claim that this matter involves a pure question of law, we view it as a mixed question of law and fact. In workers' compensation cases, we have treated such questions with deference when interpreting a statutory term that is highly intertwined with the factual findings. See *Collins* v. *Milford*, 15 Conn. App. 84, 89, 543 A.2d 291 (1988). Similarly, we find that this principle applies to the present case. Facts are necessary to determine whether a "special policeman" is to be considered as a "policeman" under § 31-275 (1) (A). Merely interpreting the statutory language does not reveal whether the two terms are the same. To define properly the plaintiff's status, the commissioner must examine the factual situation of both categories before concluding that the duties of a "special policeman" comport with those of a "policeman."

In the present case, the commissioner concluded for several reasons that the plaintiff's duties, responsibilities and authority differ from those of police in general. First, unlike a regular police officer, the plaintiff had limited authority to arrest people and could do so only within the jurisdiction of his duty station. Moreover, the department did not allow the plaintiff to carry a duty weapon off the duty station. When the plaintiff arrived at his duty station for work, he obtained his weapon and returned it when leaving work. Second, the department did not issue the plaintiff a state vehicle that he could use for driving to and from work. Third, in contrast to some special policemen, the plaintiff, pursuant to his union contract, was not entitled to travel

pay, and was not considered to be on duty while traveling to and from work. Finally, the plaintiff lacked the extensive training and education typically associated with police officers because he was not required to attend or graduate from a police academy. All of those reasons compelled the commissioner to conclude that the plaintiff was not a "policeman" as that term is used in § 31-275 (1) (A) and, accordingly, was not entitled to workers' compensation benefits for injuries sustained while traveling to work.

On appeal, the board agreed. It concluded that the plaintiff's duties did not comport with the emergency on-call nature of duties typically associated with a policeman. We conclude that the commissioner's findings of fact supported the conclusion that the plaintiff's "special policeman" status did not entitle him to the claimed benefits.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.