# MICHAEL DAUBERT *v.* BOROUGH OF NAUGATUCK ET AL.
## (SC 16848)

Sullivan, C. J., and Borden, Katz, Vertefeuille and Zarella, Js.

Argued October 22, 2003—officially released February 17, 2004

*Richard T. Stabnick*, with whom was *Courtney C. Stabnick*, for the appellants (defendants).

*D. Kirt Westfall*, for the appellee (plaintiff).

*Opinion*

BORDEN, J. The sole issue in this certified appeal is whether there was a reasonable basis in the facts found for the workers' compensation commissioner to have determined that the plaintiff had not met his burden of proving that he was injured during the course of his employment. The defendants, the borough of Naugatuck and its insurer, the Hartford Insurance Group, appeal, following our grant of certification, from the judgment of the Appellate Court reversing the decision of the compensation review board (board) in their favor. The defendants claim that the Appellate Court improperly determined that the workers' compensation commissioner for the fifth district (commissioner) was compelled to draw the inference that the plaintiff police officer, Michael Daubert, was injured during the course of his employment, once the commissioner had determined that the plaintiff was on duty and driving his police vehicle in Naugatuck at the time he collided

with a tree, and that the board improperly affirmed the commissioner's decision. See *Daubert* v. *Naugatuck*, 71 Conn. App. 600, 601, 803 A.2d 343 (2002). We agree with the defendants and, accordingly, we reverse the judgment of the Appellate Court.

The plaintiff filed a claim for workers' compensation benefits and the defendants denied compensability. After an extended hearing, the commissioner dismissed the claim, finding that the plaintiff had not established compensability. The plaintiff appealed to the board, which affirmed the commissioner's decision. The plaintiff then appealed to the Appellate Court, which reversed the decision of the board and remanded the case to the board with direction to reverse the decision of the commissioner. Id., 613. This certified appeal followed.[1]

Certain facts, which are undisputed by the parties, are as follows. At approximately 1:46 a.m., on January 26, 1997, the plaintiff was an employee of the Naugatuck police department, and was on duty in his cruiser when he was involved in a motor vehicle accident in which his cruiser struck a tree. All of the other facts, however, were disputed by the parties. The plaintiff claimed before the commissioner that, while he was searching for a reported reckless driver, his cruiser had struck the tree when he failed to negotiate a sharp curve in the road. The plaintiff also claimed that, as a result of the impact, he had sustained various injuries, including loss of consciousness. The defendants denied that the

[1] We granted the defendants' petition for certification for appeal limited to the following questions: "1. Did the Appellate Court [im]properly substitute its own factual findings for those of the workers' compensation commissioner?" and "2. Did the Appellate Court [im]properly reverse the decision of the workers' compensation commissioner or should the Appellate Court have remanded the issues?" *Daubert* v. *Naugatuck*, 261 Conn. 942, 943, 808 A.2d 1135 (2002). Because we answer the first question in the affirmative, it is not necessary to reach the second question.

collision with the tree had occurred as the plaintiff claimed because his assertions were inconsistent with the evidence. Thus, the plaintiff sought a finding that his injuries arose out of and in the course of his employment and that his claim was compensable under the Workers' Compensation Act (act). General Statutes § 31-275 et seq. The defendants sought a finding that the plaintiff had not sustained his burden of proof that the collision occurred as he had alleged and that, therefore, his claim should be dismissed. From the commissioner's point of view, therefore, the issue was "[w]hether the [plaintiff's] accident occurred as alleged by the [plaintiff] thereby resulting in a compensable claim pursuant to the [act]."

The commissioner held fourteen hearings over the course of two years, received testimony from numerous witnesses for both sides, and viewed dozens of exhibits, including a videotaped narration by the plaintiff of the events that immediately preceded the collision. The plaintiff testified and introduced evidence and expert witness testimony in support of his claim that his injuries were compensable. The defendants presented their own witnesses and evidence, including expert witness testimony, which disputed the plaintiff's rendition of how the collision had occurred, what had happened in the collision's aftermath, and the nature of the plaintiff's alleged injuries.

The commissioner dismissed the plaintiff's claim for benefits on the ground that the plaintiff had not met his burden of proving that the collision occurred as he had alleged. This determination was based on the commissioner's specific findings of fact, which can be summarized as follows: (1) on January 26, 1997, at approximately 1:46 a.m., the plaintiff, while on duty as a sergeant for the Naugatuck police department, was involved in a motor vehicle accident wherein his police cruiser struck a tree; (2) the plaintiff's explanation that

he was traveling forty-five to fifty miles per hour and "spotlighting" streets prior to the accident was not credible; (3) the plaintiff's testimony that he was rendered unconscious by the collision was not persuasive; (4) the testimony of the defendants' witnesses regarding the skid marks left at the scene was credible, and the testimony of the paramedic attending the plaintiff following his collision that the plaintiff was in fact conscious was "very persuasive"; (5) the testimony of the defendants' medical expert that the plaintiff was not rendered unconscious by the impact was more credible than the testimony of the plaintiff's medical expert to the contrary; (6) the collision reconstruction testimony of the defendants' witness was more credible than the reconstruction testimony of the plaintiff's witness; and (7) based on the discrepancies in the plaintiff's testimony and the credibility of the other witnesses, the plaintiff "[was] found to be not credible." In sum, the commissioner found that, although the plaintiff was on duty in his cruiser when his cruiser struck a tree, he had not proven: (1) that the collision with the tree had occurred as a result of his failure to negotiate a curve while looking for a reported reckless driver; and (2) that he had been rendered unconscious as he had alleged.

The board affirmed the commissioner's determination, on the ground that the plaintiff had not proven, as he was required to do, that the collision giving rise to his injuries took place while he was reasonably fulfilling the duties of his employment or doing something incidental to it. Specifically, the board stated that "where a [plaintiff] contends that an accident occurred in a specific manner, and the trial commissioner finds the [plaintiff's] explanation to lack credibility, we cannot say that the trial commissioner *must* find the accident to be compensable merely because it occurred while the [plaintiff] was on duty. Certainly, in the instant case it is unclear whether the [plaintiff] met the third

requirement of [the] 'in the course of' the employment provision, specifically we do not know whether the accident occurred while he was reasonably fulfilling the duties of the employment or doing something incidental to it." (Emphasis in original.) Thus, the board noted that the commissioner "did not find the [plaintiff's] testimony to be credible regarding how the accident occurred. As the [plaintiff] did not sustain his burden of proving a compensable injury, it is neither incumbent upon the [defendants], nor upon the trial commissioner, to disprove the compensability of the accident."

The Appellate Court disagreed. That court reasoned that the commissioner's finding that the plaintiff was on duty as a police officer while he was driving in his police cruiser and hit the tree, mandated the additional finding that he was injured "while he was reasonably fulfilling the duties of his employment," and that the commissioner's determination "that the plaintiff had not met his burden of proving that the accident occurred as he had alleged was not a reasonable inference to be drawn from the subordinate facts." *Daubert* v. *Naugatuck*, supra, 71 Conn. App. 610.

On appeal to this court, the defendants claim that the Appellate Court improperly determined that the commissioner's finding that the plaintiff was on duty and in his police cruiser when the collision occurred mandated the additional finding that the injuries occurred while he was reasonably fulfilling the duties of his employment or doing something incidental to it. We agree with the defendants.

"It is well settled that, because the purpose of the act is to compensate employees for injuries without fault by imposing a form of strict liability on employers, to recover for an injury under the act a plaintiff must prove that the injury is causally connected to the

employment. To establish a causal connection, a plaintiff must demonstrate that the claimed injury (1) arose out of the employment, and (2) in the course of the employment." (Internal quotation marks omitted.) *Spatafore* v. *Yale University*, 239 Conn. 408, 417–18, 684 A.2d 1155 (1996). "Proof that [an] injury arose out of the employment relates to the time, place and circumstances of the injury. . . . Proof that [an] injury occurred in the course of the employment means that the injury must occur (a) within the period of the employment; (b) at a place the employee may reasonably be; and (c) *while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it.*" (Citation omitted; emphasis added; internal quotation marks omitted.) Id., 418.

It is useful to note what is not at issue in this case. Not at issue is that the plaintiff proved that his claimed injuries "arose out of [his] employment"; id., 417; and that he proved the first two of the three prongs of the requirement that the injuries occurred "in the course of [his] employment"; id.; because these elements relate to the time, place and circumstances of the injury, and to whether the injury occurred "within the period of the employment . . . [and] at a place the employee may reasonably be . . . ." (Internal quotation marks omitted.) Id., 418. The defendants do not dispute any of these elements, and the finding that the plaintiff was on duty in his cruiser when the collision occurred satisfies those elements. Also not at issue is whether the plaintiff intentionally drove his cruiser into the tree. The defendants did not claim that to be the case, and they specifically disavowed any such claim in oral argument before this court.[2]

---

[2] Thus, we are not persuaded by the Appellate Court's reliance on the commissioner's use of the word "accident" in his findings, for that court's conclusion that the facts found compelled the inference that the plaintiff was injured in the course of his employment. *Daubert* v. *Naugatuck*, supra, 71 Conn. App. 613. First, we read the commissioner's use of the word as merely a synonym for "collision." Second, that discussion took place in the

What is at issue in this case is whether the plaintiff failed to prove the third prong of the "in the course of the employment" inquiry; id., 417–18; namely, that he was reasonably fulfilling the duties of his employment or doing something incidental to his employment when he collided with the tree. "The determination of whether an injury arose . . . in the course of employment is a question of fact for the commissioner." Id., 418. "[I]n determining whether a particular injury arose out of and in the course of employment, the [commissioner] must necessarily draw an inference from what he has found to be the basic facts. The propriety of that inference, of course, is vital to the validity of the order subsequently entered. But the scope of judicial review of that inference is sharply limited . . . . If supported by evidence and not inconsistent with the law, the [commissioner's] inference that an injury did or did not arise out of and in the course of employment is conclusive. No reviewing court can then set aside that inference because the opposite one is thought to be more reasonable; nor can the opposite inference be substituted by the court because of a belief that the one chosen by the [commissioner] is factually questionable." (Internal quotation marks omitted.) *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539–40, 542 A.2d 1118 (1988).

We conclude that the commissioner's finding, that the plaintiff did not prove that his injuries had occurred while he was reasonably fulfilling the duties of his employment or doing something incidental to it, must stand. As the board noted, there may be instances when, without specific evidence, a commissioner may infer from all of the circumstances that an injury occurred in the course of employment. When, however, as in the present case, the plaintiff specifically claims and

context of whether the defendants could rely on a claim that the plaintiff intentionally had caused the collision. As we have noted, the defendants specifically have disclaimed any such reliance.

introduces evidence in support of his burden of proof that an injury occurred in a specific way, and the commissioner specifically finds that evidence not credible, and when there is no other credible evidence to require a different compensable factual scenario, the commissioner's finding that the plaintiff failed to meet his burden of proof that the injuries had occurred during the course of his employment cannot be overturned. To conclude otherwise would, in such a situation, shift the burden of proof to the defendants. Thus, we simply disagree with the Appellate Court and the plaintiff that, under the circumstances of the present case, the commissioner's finding that the plaintiff was on duty in his cruiser when the cruiser hit the tree mandated the additional finding that he was acting in the course of his employment when he hit the tree.

The question of whether a plaintiff's injuries resulted from an incident that occurred in the course of his employment is a separate and distinct question from whether his alleged injuries arose out of his employment. *Kolomiets* v. *Syncor International Corp.*, 252 Conn. 261, 266, 746 A.2d 743 (2000). The commissioner's finding that the collision arose out of the plaintiff's employment did not, in the circumstances of the present case, give rise to a mandatory inference that the collision occurred while the plaintiff was performing work-related duties and, therefore, that the collision occurred in the course of his employment.

The plaintiff argues, however, that if we uphold the decisions of the commissioner and the board, we will have assigned to the plaintiff the burden of disproving the defendants' evidence that he deliberately collided with the tree and that this shifting of the burden of proof would be in derogation of his due process rights. We disagree. As we have noted, the defendants do not claim that the plaintiff intentionally caused the collision. In this connection, we agree with the board that

the plaintiff's failure to prove that the collision occurred as he claimed and testified simply left the issue of what he was doing when his cruiser collided with the tree unproven, or, as the board put it, "shrouded in mystery." Thus, our disposition of this appeal does not shift the burden of proof to the plaintiff. To the contrary, it leaves that burden precisely where the law puts it, on the plaintiff.

The plaintiff also claims that, if we were to reverse the Appellate Court's judgment, it would violate his right to procedural due process of law because it would, in effect, mandate a finding that he deliberately collided with the tree, and such a finding would be impermissible because the defendants did not plead wilful misconduct as an affirmative defense. We reject this claim for the same reasons that we rejected the plaintiff's claim regarding a purported shift in the burden of proof.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the decision of the compensation review board.

In this opinion the other justices concurred.