******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# BARBARA DAHLE *v.* THE STOP AND SHOP SUPERMARKET COMPANY, LLC, ET AL.
## (AC 39528)

DiPentima, C. J., and Sheldon and Harper, Js.

*Syllabus*

The plaintiff, who was injured while she was employed by the defendant company, appealed to this court from the decision of the Compensation Review Board affirming the decision of the Workers' Compensation Commissioner dismissing the plaintiff's claim that she was entitled to temporary total disability benefits without a social security offset pursuant to statute ([Rev. to 2003] § 31-307 [e]). Prior to the hearings regarding the plaintiff's claim that she was entitled to disability benefits without an offset, the commissioner issued a decision in 2008 in which he granted the plaintiff's request for certain benefits but denied her request for additional medical treatment, which the board affirmed on appeal in 2009. The plaintiff did not appeal from that decision of the board. On appeal before this court, the plaintiff claimed, inter alia, that she should have been awarded benefits without the social security offset because errors and delays by the commissioner in 2008 and the board in 2009 resulted in a delay in obtaining compensation, which made her subject to the offset. *Held*:

1. The board did not err by refusing to address the plaintiff's attempt to correct past incorrect evidence and to introduce new evidence to prove that delays beyond her control made her subject to the social security offset: that evidence pertained to factual findings and issues related to the 2008 decision of a commissioner that had become final when the plaintiff failed to appeal the board's decision affirming that commissioner's decision, and the board properly determined that it did not have the authority to correct findings from the commissioner's 2008 decision; moreover, the board did not err by failing to address the commissioner's alleged statement that the plaintiff's medical treatment was delayed, as the commissioner neither found nor opined that the plaintiff's treatment was delayed and, instead, was simply paraphrasing what the plaintiff might include in the proposed findings that she was required to draft.

2. The board did not err in affirming the commissioner's denial of the plaintiff's request for financial compensation without the social security offset: although § 31-307 (e) was repealed, the offset applied to the plaintiff's claim because it was in effect on the date of the plaintiff's injury, the board did not err in stating that the plaintiff was requesting a waiver of the social security offset, as her request for benefits without the offset was the functional equivalent of requesting a waiver of the offset, and the plaintiff could not prevail on her claim that she was entitled to a waiver of the offset due to the alleged negligence and carelessness of the commissioner in 2008 and the board in 2009, as the commissioner and the board properly determined that there was no authority for the commissioner to waive the statutorily required social security offset.

Argued April 16—officially released September 25, 2018

*Procedural History*

Appeal from the decision of the Workers' Compensation Commissioner for the Sixth District dismissing the plaintiff's claim that she was entitled to temporary total disability benefits without a social security offset, brought to the Compensation Review Board, which affirmed the commissioner's decision, and the plaintiff appealed to this court. *Affirmed.*

*Barbara Dahle*, self-represented, the appellant (plaintiff).

*Jane M. Carlozzi*, for the appellee (named defendant).

*Francis C. Vignati, Jr.*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Philip M. Schulz*, assistant attorney general, for the appellee (defendant Second Injury Fund).

*Opinion*

HARPER, J. The plaintiff, Barbara Dahle, appeals from the decision of the Compensation Review Board (board), which affirmed the decision of the Workers' Compensation Commissioner for the Sixth District[1] dismissing the plaintiff's claim that she was entitled to temporary total disability benefits without a social security offset. On appeal, the plaintiff claims[2] that the board erred by: (1) not addressing past incorrect evidence, not finding her new evidence credible, and not addressing a statement from Commissioner Stephen B. Delaney about delayed medical care; and (2) denying her request for financial compensation without a social security offset pursuant to General Statutes (Rev. to 2003) § 31-307 (e).[3] We disagree and, accordingly, affirm the decision of the board.

The following facts and procedural history are relevant to our resolution of this appeal. On August 8, 2003, the plaintiff suffered a compensable injury to her right shoulder and left hip after she fell during and in the course of her employment with the defendant The Stop & Shop Supermarket Company, LLC.[4] Following treatment, Scott Organ, a physician, issued a 5 percent permanent partial disability rating as to the plaintiff's right upper extremity by report dated March 17, 2006. By voluntary agreement of the parties, dated September 5, 2006, the plaintiff was paid a 5 percent permanent partial disability[5] of the right shoulder with a maximum medical improvement date of September 5, 2006. No permanency rating was ever issued as to the plaintiff's left hip.

A formal hearing took place before Commissioner Ernie R. Walker on June 3, 2008. The issues addressed at the hearing included the plaintiff's claim for wage differential benefits pursuant to General Statutes § 31-308a[6] and her claim for additional medical treatment pursuant to General Statutes (Rev. to 2003) § 31-294d.[7] On June 4, 2008, Commissioner Walker issued a decision (2008 commissioner's decision) in which he granted the plaintiff's request for § 31-308a benefits but denied her request for additional medical treatment pursuant to § 31-294d. Regarding the denial of additional medical treatment, the commissioner noted that he found credible the testimony of the plaintiff's treating physician, Organ, who testified at the hearing that it was his opinion that additional treatment would be palliative and not curative.

On June 18, 2008, the plaintiff filed a motion to correct the 2008 commissioner's decision, which was denied on June 19, 2008. On June 27, 2008, the plaintiff filed a petition for review of the 2008 commissioner's decision denying her request for additional medical treatment.

The petition for review was heard before the board on December 12, 2008. On June 5, 2009, the board

affirmed the 2008 commissioner's decision, finding no error. Specifically, the board concluded, inter alia, that "the medical opinions in the . . . record provide ample support for the determination by the . . . commissioner that a pain management regimen would be palliative rather than curative and, thus, would not constitute reasonable or necessary treatment."[8] The plaintiff did not appeal the June 5, 2009 decision of the board (2009 board decision).[9]

On April 18, 2011, the plaintiff requested approval from the Workers' Compensation Commission (commission) for surgery on her right shoulder. The request initially was denied. The plaintiff then underwent surgery on her right shoulder on September 17, 2014, for which she received total incapacity benefits pursuant to § 31-307, with an offset for social security benefits, as required by subsection (e) of that statute.

Formal hearings took place before Commissioner Delaney on April 27, May 8, and June 16, 2015, to address the plaintiff's claim that she was entitled to compensation without a social security offset, and that the 2008 commissioner's decision and the 2009 board decision were incorrect.[10] Specifically, the plaintiff "assert[ed] that delays in her requested medical treatment [had] caused her to be subject to the social security offset and, as a result of these delays, [the commissioner] may order [the defendant] to pay temporary total [disability] benefits at the full rate without regard to the [§] 31-307 (e) offset." On September 28, 2015, Commissioner Delaney dismissed the plaintiff's claim, having found that the plaintiff had failed to sustain her burden of proof that she was entitled to benefits without the offset. In his finding and dismissal (2015 commissioner's decision), the commissioner noted that from August, 2008, to May, 2013, approximately fifteen hearings took place regarding medical treatment and benefits, and the plaintiff was represented by counsel during these proceedings. Commissioner Delaney also noted that "[t]he . . . commission authorized various physicians to treat/evaluate the [plaintiff] through this time period." On the basis of these findings, the commissioner rejected the plaintiff's equitable claim that, due to alleged negligence and errors in the handling of her case, her case was delayed and, thus, she was entitled to temporary total disability benefits without the social security offset.

On October 13, 2015, the plaintiff filed a petition for review of the 2015 commissioner's decision denying her request for benefits without the social security offset. On November 23, 2015, the plaintiff filed a motion to correct, which was denied on December 3, 2015.

The petition for review was heard before the board on April 29, 2016. On August 8, 2016, the board affirmed the 2015 commissioner's decision and rejected the plaintiff's equitable argument that a waiver of the offset

should be granted (2016 board decision). The board noted that the commissioner had no authority to waive the offset. The board also noted that, "even if this tribunal could consider this case on the merits, we would find that many of the arguments raised by the [plaintiff] on appeal go to factual issues which an appellate panel such as ours cannot retry . . . . Moreover, many of the issues [the plaintiff] has raised go to the handling of her claim during the period prior to June 4, 2008, when Commissioner Walker issued a finding that the [plaintiff] subsequently appealed. We affirmed that [2008 commissioner's] decision. The [plaintiff] did not appeal our decision to the Appellate Court. We must now treat [the 2009 board] decision as final and as being the law of the case . . . ." (Citation omitted; internal quotation marks omitted.) This appeal followed.

We begin by setting forth our standard of review. "The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . [Moreover, it] is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Internal quotation marks omitted.) *Balloli* v. *New Haven Police Dept.*, 324 Conn. 14, 17–18, 151 A.3d 367 (2016).

I

The plaintiff first claims that the board erred in not addressing past incorrect evidence and not finding her new evidence credible.[11] Specifically, the plaintiff argues that "new (facts) evidence in the record . . . establishes that the negligent and careless handling of her case since 2005 is the main factor in the years of waiting for her medical treatments and her return to full employment. The . . . [b]oard erred by failing to acknowledge the new (facts) evidence that [the] plaintiff has submitted." The plaintiff further claims that the board erred in not addressing Commissioner Delaney's statement about delayed medical treatment. We disagree.

Because the plaintiff's claims relate to factual findings by the commissioner, we begin our analysis by reiterating that "[a]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts." (Internal quotation marks omitted.) *Pasquariello* v. *Stop & Shop Cos.*, 281 Conn. 656, 663, 916 A.2d 803 (2007). "Once the commissioner makes a fac-

tual finding, [we are] bound by that finding if there is evidence in the record to support it." (Internal quotation marks omitted.) *Rodriguez* v. *E.D. Construction, Inc.*, 126 Conn. App. 717, 726, 12 A.3d 603, cert. denied, 301 Conn. 904, 17 A.3d 1046 (2011).

As to the plaintiff's argument regarding "past incorrect evidence" and "new evidence," the board properly refused to address it in the 2016 board decision.[12] The evidence that the plaintiff references pertains to factual findings and issues related to the 2008 commissioner's decision. As the board noted in its decision, "many of the arguments raised by the [plaintiff] on appeal go to factual issues which an appellate panel such as ours cannot retry . . . ." It is well established that "[n]either the . . . board nor this court has the power to retry facts. . . . [O]n review of the commissioner's findings, the [board] does not retry the facts nor hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether or not the finding should be corrected, or whether there was any evidence to support in law the conclusions reached." (Internal quotation marks omitted.) *Hummel* v. *Marten Transport, Ltd.*, 114 Conn. App. 822, 842–43, 970 A.2d 834, cert. denied, 293 Conn. 907, 978 A.2d 1109 (2009). The board properly determined that it did not have the authority to "correct" findings from the 2008 commissioner's decision—a decision that had become final when the plaintiff did not appeal the 2009 board decision affirming the 2008 commissioner's decision—as the plaintiff requested that it do. Accordingly, we cannot conclude that the board erred in refusing to address the plaintiff's new evidence.[13]

As to the plaintiff's claim regarding the commissioner's alleged statement about delayed medical care, our review of the transcript demonstrates that the plaintiff quotes Commissioner Delaney out of context. The plaintiff argues that the "commissioner himself acknowledges [that the] plaintiff's medical treatment was delayed." Contrary to her position, Commissioner Delaney was simply paraphrasing what the plaintiff might include in the proposed findings that she was required to draft. Commissioner Delaney stated during the April 27, 2015 hearing: "Okay, I'm going to give you an opportunity to give me what we call [p]roposed [f]indings, and you can ask . . . my paralegal [about the format] . . . . [Y]ou want me to take your evidence in the best light for you and [tell me] why I should find a, what's the word, I don't want to use the word because you don't like it, you don't like the word exception . . . . [So], why [§ 31-307 (e)] is not applicable to you . . . delay of medical treatment . . . . Somebody delayed your medical treatment and the system. I'm not going to ask you to write a [b]rief unless you'd like to . . . ." The plaintiff then stated that she would talk to the commissioner's paralegal about how to format the pro-

posed findings. Commissioner Delaney, however, neither found nor opined that the plaintiff's treatment was delayed. Accordingly, we cannot conclude that the board erred by not acknowledging such a statement in its 2016 decision.

On the basis of the foregoing, we conclude that the board did not err by refusing to address the plaintiff's attempt to correct "past incorrect evidence" and introduce "new evidence" to prove that delays beyond her control made her subject to the offset.

II

The plaintiff next claims that the board erred in affirming the commissioner's denial of her request for financial compensation without the social security offset. Specifically, the plaintiff argues that she should have been awarded benefits without the social security offset set forth in § 31-307 (e) because errors and delays by the commissioner in 2008 and the board in 2009 resulted in a delay in obtaining compensation, which made her subject to the offset. The plaintiff essentially argues that, if not for the negligence of the commissioner and the board, she would have received her compensation benefits before she started receiving social security, and she, therefore, would not have been subject to the offset. The plaintiff further argues that the board erred in stating that she requested a waiver of the offset. We disagree.

Section 31-307 (e) provides: "Notwithstanding any provision of the general statutes to the contrary, compensation paid to an employee for an employee's total incapacity shall be reduced while the employee is entitled to receive old age insurance benefits pursuant to the federal Social Security Act. The amount of each reduced workers' compensation payment shall equal the excess, if any, of the workers' compensation payment over the old age insurance benefits." In 2006, the legislature, through "Public Acts 2006, No. 06-84, removed subsection (e) from § 31-307." *Hummel* v. *Marten Transport, Ltd.*, supra, 114 Conn. App. 826 n.2. Although the offset was repealed, "[w]e look to the statute in effect at the date of injury to determine the rights and obligations between the parties." Id. Because the offset was in effect on August 8, 2003, the date of injury, the offset applies to the plaintiff's claim.

On appeal, the plaintiff does not contest that her age makes her subject to the social security offset. She also does not argue that the repeal of the offset applies retroactively. In fact, in her reply brief, the plaintiff clarifies that she "is not asking this court to ignore [§] 31-307 (e) and waive it. [She] did not request [that] the . . . board . . . waive . . . the offset." Instead, the plaintiff argues that negligence in the handling of her case resulted in delays in treatment that made her subject to the offset, and that, as a result, she is entitled

to financial compensation without the offset because it is not her fault that she is subject to the offset. Despite the plaintiff's argument to the contrary, her request for benefits without the offset is the functional equivalent of requesting a waiver of the offset. Accordingly, we reject her argument that the board erred in stating that she was requesting a waiver of the offset because she did, in effect, request a waiver even if that was not the exact language that she used.

As to her argument in favor of a waiver, a significant portion of the plaintiff's appellate briefs are dedicated to her claim that, due to the alleged negligence and carelessness of the commissioner in 2008 and the board in 2009, she is entitled to a waiver of the offset. To the extent that the plaintiff argues that her new evidence established negligence on the part of the commission that entitled her to a waiver of the offset, we reject that argument. As we previously concluded in this opinion, the board properly refused to address the plaintiff's new evidence in its 2016 decision. See part I of this opinion.

More importantly, the plaintiff has provided no authority, and we have found none, that permits the commissioner to waive the statutorily required social security offset. "The powers and duties of workers' compensation commissioners are conferred upon them for the purposes of carrying out the stated provisions of the Workers' Compensation Act. . . . It is well settled that the commissioner's jurisdiction is confined by the . . . act and limited by its provisions." (Internal quotation marks omitted.) *Frantzen* v. *Davenport Electric*, 179 Conn. App. 846, 851, 181 A.3d 578, cert. denied, 328 Conn. 928, 182 A.3d 637 (2018). The plaintiff essentially concedes that nothing gives the commissioner the authority to waive the offset for her requested reasons, by stating in her principal brief that "[t]his appeal must set a precedent for the negligence and carelessness in the mishandling of [the] plaintiff's case." She further states in her reply brief to this court that she "is not suggesting that the commissioner has the power to order an employer to compensate a [plaintiff] for errors made by the commission."

On the basis of the foregoing, the plaintiff's claim must fail. Because both the commissioner and the board properly determined that there was no authority for the commissioner to waive the offset, we cannot say the board erred in denying the plaintiff's request for financial compensation without the offset.

The decision of the Compensation Review Board is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff appeals from the decision of the board, dated August 8, 2016, which affirmed the decision of Commissioner Stephen B. Delaney, dated September 28, 2015. Also related to this appeal is a decision of the board, dated June 5, 2009, which affirmed a decision of Commissioner Ernie R. Walker, dated June 4, 2008. For clarity, in this opinion, we refer to the commissioners by name, and to the decisions of the commissioners and the

board by date.

[2] The plaintiff also claims on appeal that the court erred by not finding negligence and carelessness in the commissioner's and the board's handling of her case. The plaintiff argues that the commissioner and the board failed to adhere to the Code of Ethics for Workers' Compensation Commissioners. The plaintiff, however, has not commenced an action against the commissioner and the board, and they are not parties to this case. Accordingly, we decline to address the argument as a separate claim. To the extent that this claim of negligence necessarily is intertwined with the plaintiff's argument that the board erred in denying her requested financial compensation, we address it in greater detail in part II of this opinion.

[3] General Statutes (Rev. to 2003) § 31-307 (e) provides: "Notwithstanding any provision of the general statutes to the contrary, compensation paid to an employee for an employee's total incapacity shall be reduced while the employee is entitled to receive old age insurance benefits pursuant to the federal Social Security Act. The amount of each reduced workers' compensation payment shall equal the excess, if any, of the workers' compensation payment over the old age insurance benefits." All references to § 31-307 (e) herein, unless otherwise stated, refer to the 2003 revision of the statute.

[4] MAC Risk Management, Inc., and the Second Injury Fund are also defendants in this action. For convenience, we refer in this opinion to The Stop & Shop Supermarket Company, LLC, as the defendant.

[5] "Compensation for loss of earning power takes the form of partial or total incapacity benefits. . . . Incapacity . . . means incapacity to work . . . . Partial incapacity benefits are available when the employee is able to perform some employment, but [is] unable fully to perform his or her customary work . . . . The duration of partial incapacity benefits is limited by statute. . . . Conversely . . . [t]otal incapacity benefits, unlike partial incapacity benefits, are unrestricted as to duration." (Citations omitted; internal quotation marks omitted.) *Starks* v. *University of Connecticut*, 270 Conn. 1, 9, 850 A.2d 1013 (2004).

[6] General Statutes § 31-308a provides in relevant part: "(a) In addition to the compensation benefits provided by section 31-308 for specific loss of a member or use of the function of a member of the body, or any personal injury covered by this chapter, the commissioner, after such payments provided by said section 31-308 have been paid for the period set forth in said section, may award additional compensation benefits for such partial permanent disability . . . .

"(b) Notwithstanding the provisions of subsection (a) of this section, additional benefits provided under this section shall be available only when the nature of the injury and its effect on the earning capacity of an employee warrant additional compensation."

[7] General Statutes (Rev. to 2003) § 31-294d (a) (1) provides in relevant part that "[t]he employer, as soon as the employer has knowledge of an injury, shall provide a competent physician or surgeon to attend the injured employee and, in addition, shall furnish any medical and surgical aid or hospital and nursing service, including medical rehabilitation services and prescription drugs, as the physician or surgeon deems reasonable or necessary." Hereinafter, unless otherwise indicated, all references to § 31-294d in this opinion are to the 2003 revision of the statute.

[8] As the board noted in its decision: "[W]hether or not medical care satisfies the reasonable and necessary standard of § 31-294d is a factual issue to be decided by the . . . commissioner . . . . Reasonable or necessary medical care is that which is curative or remedial. Curative or remedial care is that which seeks to repair the damage to health caused by the job even if not enough health is restored to enable the employee to return to work." (Citations omitted; internal quotation marks omitted.)

[9] During the proceedings before the commissioner and the board from 2003 to 2013, the plaintiff was represented by counsel. Thereafter, she became self-represented.

[10] Commissioner Delaney took administrative notice of the plaintiff's file with the commission, the 2008 commissioner's decision, and the 2009 board decision.

[11] The defendant asserts that the plaintiff has included documents in her appendix on appeal that are not part of the administrative record. It claims that the plaintiff's "[a]ppendix contents starting on pages A14, A17, A18, A19, A20, A29, A66, A72, A73, A107, and A110 were not included in the record below. Only pages 7, 18 and 24 of the [d]eposition of Scott Organ, M.D., were included in the record below; the entire deposition is included in the [plaintiff's] [a]ppendix." Having confirmed that these portions of the

appendix were not included in the administrative record and, therefore, are not properly before us, we do not consider them.

[12] To support her claim that the board should have addressed her new evidence, which she argues demonstrates negligence on the part of the commissioner and the board, the plaintiff cites to cases in which the commission was a party to the action. See, e.g., *Gyadu* v. *Workers' Compensation Commission*, 930 F. Supp. 738 (D. Conn. 1996), aff'd, Docket Nos. 96-7950, 96-9616, 1997 WL 716128, *1–2 (2d Cir. November 17, 1997) (decision without published opinion, 129 F.3d 113 [2d Cir. 1997]), cert. denied, 525 U.S. 814, 119 S. Ct. 49, 142 L. Ed. 2d 38 (1998); see also *Warren* v. *Mississippi Workers' Compensation Commission*, 700 So. 2d 608, 609, 615 (Miss. 1997) (plaintiffs failed to show deprivation of due process rights due to delays in workers' compensation system). We reiterate that the present action is not against the commission. See footnote 2 of this opinion.

[13] The plaintiff also states in her principal brief that she provides new evidence in this appeal that demonstrates that, since 2005, neither the board nor the commissioner has handled her case properly. It is not our function to engage in fact-finding. See *McTiernan* v. *McTiernan*, 164 Conn. App. 805, 830, 138 A.3d 935 (2016) ("[I]t is axiomatic that this appellate body does not engage in fact-finding. Connecticut's appellate courts cannot find facts . . . ." [Internal quotation marks omitted.]). We are bound by the record before us, which does not contain the facts that the plaintiff attempts to introduce on appeal. To the extent that there is material before us that was not included in the record, we decline to review it. See footnote 11 of this opinion.